UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. _____

KYLE HARBSMEIER,

    Plaintiff,

vs.

EMPIRICAL360, LLC,
ELLIOT ALICEA, and
ERIK ALICEA,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, Kyle Harbsmeier ("Plaintiff"), sues Defendants, Empirical360, LLC ("Empirical360" or "Firm"), Elliot Alicea, and Erik Alicea (together referred to herein as "Defendants"), and alleges as follows:

    1.    Plaintiff brings this action to redress violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by Defendants because of their failure to pay Plaintiff overtime compensation for hours worked in excess of 40 per work week.

    2.    Plaintiff seeks all damages provided for under the FLSA, including attorneys' fees and costs.

    3.    In addition, Plaintiff brings this action for breach of contract because of Empirical360's failure to pay all agreed upon commissions under a verbal agreement. In the alternative, if the Court were to find that an agreement did not exist, Plaintiff

asserts a claim for quantum meruit for the reasonable value of services Plaintiff provided to Empirical360.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

5. During the relevant period, Plaintiff was a resident of Hillsborough County, Florida, which is within the Middle District of Florida.

6. Empirical360 is a Florida Limited Liability Company with a "Principal Address" in Odessa, Florida, which is within the Middle District of Florida.

7. Empirical360 is in the business of providing marketing services to law firms and employs individuals to accomplish this purpose.

8. Upon information and belief, Elliot Alicea is a resident in the Middle District of Florida.

9. Upon information and belief, Erik Alicea is a resident in the Middle District of Florida.

10. During the relevant period, Empirical360 acted through its owners, officers, agents, servants, and employees, all of whom acted within the scope of their employment with Empirical360.

11. During the relevant period, Defendants were the employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203, for Plaintiff.

12. The United States District Court for the Middle District of Florida ("District") has subject matter jurisdiction over this suit under the provisions of 28

U.S.C. § 1331 because this suit raises federal questions under the FLSA.

13. This Court has supplemental jurisdiction over the breach of contract and quantum meruit claims as those claims are so related to the claims brought pursuant to the FLSA that they form part of the same case or controversy, as set forth in 28 U.S.C. § 1367.

14. During the relevant period, Defendants conducted business in the District and the events alleged herein occurred in the District.

15. The acts complained of herein were committed and had their principal effect within the District; therefore, venue is proper within this District.

16. Plaintiff was employed by Defendants and worked remotely from his home in Hillsborough County.

17. During the relevant period, Empirical360 was an enterprise that engaged in interstate commerce and had annual gross revenue in excess of $500,000.

18. During the relevant period, Empirical360 employed two or more individuals that customarily and regularly sold and/or marketed and/or distributed their services and/or goods and/or services to customers throughout the United States and also conducted business across state lines.

19. During the relevant period, Empirical360 obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside the state of Florida, and otherwise regularly engaged in interstate commerce.

20. During the relevant period, Empirical360 accepted checks, wire transfers,

and/or other forms of payments that were made or processed outside the state of Florida.

21. During the relevant period, Defendants were "employers" pursuant to the FLSA.

22. During the relevant period, Plaintiff was an "employee" pursuant to the FLSA and was an employee of Defendants.

23. During the relevant period, Defendants failed to comply with the FLSA because, among other reasons, Plaintiff was not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each work week.

24. Claims under the FLSA do not have prerequisites or preconditions to filing a lawsuit and therefore, Plaintiff has met or exhausted all prerequisites and preconditions to filing this lawsuit.

## FACTUAL ALLEGATIONS

25. Plaintiff was employed by Defendants from on or about September 30, 2024 until on or about October 16, 2025.

26. Plaintiff interviewed with Elliot and Erik Alicea for a position as an Executive Assistant at Empirical360.

27. Erik Alicea presented a job offer to Plaintiff that included a base salary of $65,000 and a commission structure of $100 for each appointment that Plaintiff scheduled with a prospective client on Erik or Elliot's calendar, and half the closing price paid by each prospective client that signed an agreement with Empirical360 ("Commission Structure"). Given that Defendants generally closed a client for a fee

of $9,500, Plaintiff should have been paid $4,750 per signed client.

28. Based on Erik Alicea's promises and representations, Plaintiff accepted the position and agreed to begin work on September 30, 2024.

29. Despite the agreed upon Commission Structure, the Firm did not pay Plaintiff an owed commission for several prospective clients who Plaintiff brought to Empirical360 and became clients.

30. Plaintiff worked as an Executive Assistant for Defendants. His duties generally involved identifying potential clients using specific criteria provided by Defendants and scheduling and rescheduling appointments with prospective clients for Elliot Alicea to meet with them.

31. Plaintiff did not supervise any employees and had no management responsibilities.

32. Plaintiff did not have the power or authority to discipline employees.

33. Plaintiff did not write or assist with preparing any company policies.

34. Defendants set Plaintiff's work schedule, including regular hours to be worked.

35. Plaintiff did not exercise discretion or independent judgment on matters of significance.

36. During the relevant period, Plaintiff worked five to six days each week and approximately 12 to 14 hours each day. These hours were necessary to complete the projects and tasks assigned to Plaintiff by Defendants and were specifically required by Defendants.

37. On average, Plaintiff worked approximately 68 hours per workweek.

38. Plaintiff was not paid time and a half for all hours worked over 40 hours in a work week.

39. Elliot Alicea had the authority to hire and fire Plaintiff, exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined Plaintiff's work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

40. Similarly, Erik Alicea had the authority to hire and fire Plaintiff, exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined Plaintiff's work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

41. Elliot Alicea and Erik Alicea took an active role in the operation of Empirical360 as co-founders, including Plaintiff's employment.

42. Elliot Alicea had actual and/or constructive knowledge of the work Plaintiff performed, the hours he worked, and his compensation, including the fact that Plaintiff was not paid time and one half for all hours worked in excess of 40 hours in a work week.

43. Similarly, Erik Alicea had actual and/or constructive knowledge of the work Plaintiff performed, the hours he worked, and his compensation, including the fact that he was not paid time and one half for all hours worked in excess of 40 hours in a work week.

44. Defendants failed to track or keep records of Plaintiff's work hours.

45. Defendants failed to pay Plaintiff based on the actual number of hours he worked and at the proper rate.

46. Defendants violated the FLSA when they did not properly compensate Plaintiff for all hours worked over 40 hours in each work week at the rate of time and one half his regular hourly rate.

47. Defendants had actual and/or constructive knowledge of Plaintiff's overtime hours but purposefully failed to provide him overtime pay in violation of the FLSA.

48. Defendants knew or showed reckless disregard in paying Plaintiff in a way that clearly violated the FLSA.

49. Defendants' FLSA violations were willful and intentional.

50. Plaintiff consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
## OVERTIME VIOLATIONS AGAINST EMPIRICAL360 UNDER THE FLSA

51. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

52. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate of pay for all hours that the employee works in excess of 40 hours per work week.

53. All remuneration must be included in an employee's regular rate of pay

for the purposes of overtime calculations.

54. Empirical360 did not maintain or properly record Plaintiff's hours as required by the FLSA and attendant regulations.

55. Empirical360 violated the FLSA by not paying Plaintiff overtime compensation as required by the FLSA.

56. Empirical360's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

57. The failure to pay overtime compensation to Plaintiff was unlawful in that he was not exempt from the overtime provisions of the FLSA pursuant to the provisions of 29 U.S.C. § 213(a) and (b), in that he was, for example, not a bona fide executive, administrative, or professional employee.

58. Empirical360 made no reasonable efforts to ascertain and comply with applicable law. Specifically, the payment of overtime wages is one of the most well-known requirements of federal employment laws. Employers are even required to hang a poster that notes the requirement of overtime wages.

59. Empirical360 is jointly and severally liable for the unpaid overtime as well as double the overtime amounts owed as liquidated damages under the FLSA as well as attorneys' fees and costs, as a result of its intentional and willful violations of the FLSA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Empirical360:

A. Adjudge and decree that Empirical360 violated the FLSA and did so

willfully, intentionally, and with reckless disregard;

B. Award Plaintiff unpaid overtime compensation;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E. Award Plaintiff all recoverable interest; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## OVERTIME VIOLATIONS AGAINST ELLIOT ALICEA UNDER THE FLSA

60. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

61. During the relevant period, Mr. Alicea oversaw and had operational control over the day-to-day activities of Plaintiff, had supervisory authority over Plaintiff, had knowledge of the hours worked by Plaintiff, had knowledge of the work being performed by Plaintiff, had the authority to make financial and other employment-related decisions for Plaintiff, and was partially or totally responsible for Plaintiff's compensation structure.

62. Mr. Alicea was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203, during the relevant period.

63. During his employment with Defendants, Plaintiff worked overtime

hours for which he was not compensated at a rate of time and one half his regular rate of pay as required by the FLSA.

64.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in each work week.

65.     Mr. Alicea is jointly and severally liable for the unpaid overtime as well as double the overtime amounts owed as liquidated damages and attorneys' fees and costs, under the FLSA as a result of his intentional and willful violations of the FLSA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Mr. Alicea:

A.     Adjudge and decree that Mr. Alicea violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B.     Award Plaintiff unpaid overtime compensation;

C.     Award Plaintiff liquidated damages;

D.     Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E.     Award Plaintiff all recoverable interest; and

F.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
**OVERTIME VIOLATIONS AGAINST ERIK ALICEA UNDER THE FLSA**

66.     Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

67. During the relevant period, Mr. Alicea oversaw and had operational control over the day-to-day activities of Plaintiff, had supervisory authority over Plaintiff, had knowledge of the hours worked by Plaintiff, had knowledge of the work being performed by Plaintiff, had the authority to make financial and other employment-related decisions for Plaintiff, and was partially or totally responsible for Plaintiff's compensation structure.

68. Mr. Alicea was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203, during the relevant period.

69. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time and one half his regular rate of pay as required by the FLSA.

70. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a work week.

71. Mr. Alicea is jointly and severally liable for the unpaid overtime as well as double the overtime amounts owed as liquidated damages and attorneys' fees and costs under the FLSA as a result of his intentional and willful violations of the FLSA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Mr. Alicea:

    A. Adjudge and decree that Mr. Alicea violated the FLSA and did so willfully, intentionally, and with reckless disregard;

    B. Award Plaintiff unpaid overtime compensation;

  C. Award Plaintiff liquidated damages;

  D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

  E. Award Plaintiff all recoverable interest; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### BREACH OF ORAL CONTRACT AGAINST EMPIRICAL360

  72. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

  73. On or about September 25, 2024, during Plaintiff's employment interview, Plaintiff and Empirical360 entered into agreements for which sufficient consideration was provided.

  74. The agreements were formed through a valid offer and acceptance, wherein the Firm made a verbal offer to Plaintiff of a base salary of $65,000 plus the Commission Structure, and Plaintiff accepted this offer and began working for Defendants on September 30, 2024 for the agreed upon wages.

  75. Under the Commission Structure, Empirical360 was obligated to pay Plaintiff $100 for each prospective client for which Plaintiff scheduled a preliminary call with Erik or Elliot Alicea. If one of those prospective clients became a Firm client, then the Firm was required to pay Plaintiff half the amount paid by each signed client, which was generally $4,750.

76. Despite Plaintiff booking several prospective clients each week and many of those prospective clients becoming Firm clients, the Firm did not pay Plaintiff the owed $4,750 for at least six clients that were generated by Plaintiff.

77. As a direct and proximate result of Empirical360's breaches of its contractual obligations to Plaintiff, Plaintiff has suffered damages for breach of contract in the amount of at least $28,500.

78. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to recover reasonable attorneys' fees and costs in this action for unpaid wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Empirical360:

A. Enter judgment in favor of Plaintiff;

B. Award Plaintiff damages for breach of contract, including unpaid wages;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08;

D. Award Plaintiff all recoverable interest; and

E. Grant Plaintiff such additional relief as the Court deems just and proper.

### COUNT V
### QUANTUM MERUIT AGAINST EMPIRICAL360
### (IN THE ALTERNATIVE)

79. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

80. In the alternative to Count IV, if the Court finds that there was not an agreement in effect between the parties, then Plaintiff brings this claim for quantum

meruit against Empirical360.

81. Plaintiff provided valuable services to Empirical360 by setting appointments with prospective clients, many who later became Firm clients.

82. Empirical360 requested, accepted, and benefitted from Plaintiff's efforts in recruiting these prospective clients who later became Firm clients.

83. Empirical360 has not paid Plaintiff the reasonable value of his services for prospective clients that Plaintiff recruited who became clients of Empirical360.

84. Plaintiff is owed at least $28,500 for the value of his services as there are at least six clients who were generated by Plaintiff and for which Empirical360 did not compensate Plaintiff.

85. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to recover reasonable attorneys' fees and costs in this action for unpaid wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Empirical360:

A. Enter judgment in favor of Plaintiff;

B. Award Plaintiff damages for the reasonable value of services he provided;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08;

D. Award Plaintiff all recoverable interest; and

E. Grant Plaintiff such additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: November 14, 2025

                                              Respectfully submitted,

                                              **BT LAW GROUP, PLLC**
                                              3050 Biscayne Blvd., Suite 205
                                              Miami, Florida 33137
                                              Tel: (305) 507-8506

                                              By: s/ Anisley Tarragona
                                              **ANISLEY TARRAGONA, ESQ.**
                                              Florida Bar No. 51626
                                              anisley@btattorneys.com
                                              **JASON D. BERKOWITZ, ESQ.**
                                              Florida Bar No. 0055414
                                              jason@btattorneys.com

                                              Attorneys for Plaintiff